THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PETRA VALLE FIGUEROA, Defendant and Appellant.

No. 7839. Argued November 10, 1939.—Decided February 7, 1940.

*Enrique Báez García* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The defendant was convicted of having infringed section 4 of Act No. 25 of 1935 (Special Session Laws). The information reads as follows:

"That at 9 a. m. on August 10, 1938, in Tamarindo street of Mayagüez, P. R., which is part of the municipal judicial district of Mayagüez, Petra Valle Figueroa, the defendant, then and there, unlawfully, wilfully, maliciously and criminally carried on her person 5,000 fractions of tickets, relating and corresponding to twelve clandestine banks or lotteries or policy games, which are operated in this city, under the name La Bodega, etc., without being authorized by law, which fractions of tickets were carried by this

defendant on her person and kept by her knowing that the same were part of and were being used in the clandestine operation of said banks or lotteries, in violation of the law. That the purchasers of such tickets or fractions thereof run the chances of winning money in prizes.''

It is alleged in this appeal that the trial court erred in failing to discharge peremptorily the defendant on the ground of variance between the allegations and the evidence; in convicting the defendant without proof of her guilt and without it being shown that she was infringing any act punishable by law, and in refusing the defendant the benefit of the reasonable doubt. As all the assignments of errors refer to the insufficiency of the evidence, we will discuss them together.

To prove the charges made in the information the district attorney introduced the complainant witness, a policeman, who testified that on August 10, 1938, at 9 a.m., he saw the defendant in Tamarindo street, Mayagüez; that he was on his beat with another detective and on reaching the home of Obdulia Rivera the defendant was there on the balcony; that when he and his companion went in, the defendant threw a jar and a bundle containing 5,000 policy tickets; that they were policy tickets of a clandestine and unlawful lottery which are usually sold and bring prizes; that he seized, besides, some note-books and pencils; that the tickets and other effects were found by him in the yard of a house next to that of Obdulia Rivera; that it was the defendant who threw them where he found them. On cross-examination by the defendant he testified that he and his companion were in a car after a man charged with burglary; that they alightened in front of the house of Obdulia Rivera to make an investigation regarding the stolen articles; that when alighting they saw the defendant running and throwing the articles out of one window of the house. It was shown by the testimony of the witnesses for the defendant that the

house in question is situated at the corner of Tamarindo street.

The alleged variance consists, according to the appellant, in that it was stated in the information that the defendant *carried on* her person *along Tamarindo street* of Mayagüez the policy tickets, and it appears from the evidence that the policeman saw the defendant on the balcony of a two-story house at the moment of throwing the tickets out of the window, but not that he saw her carrying said tickets *along the said street.*

To our judgment, there was no such alleged variance. The words "in Tamarindo street of Mayagüez" which appear at the beginning of the information are simply used to locate the place where the offense was committed so as to establish the jurisdiction of the court in which the information was filed. It is not charged in the information that the defendant "carried" the tickets "along Tamarindo street." The charge is that the defendant carried them "on her person" and "in Tamarindo street." It is not required by the statute, for the offense to be committed, that the tickets should be carried about or along the street. Section 4 of the law says:

"Every person caught carrying or conveying any slip of paper, note, ticekt, notebook, list of numbers, or implements, knowing that the same are used for the illegal games or *'bolita', 'boli-pool',* clandestine combinations related to the *pools* of the hippodromes of Puerto Rico, and clandestine lotteries; and every person who buys them or any other similar ones which are proved to represent any ticket, chance, share or interest in said illegal games or connected with the playing thereof, shall be immediately arrested, . . . ."

The evidence for the prosecution, which was believed by the trial court, shows that the defendant, while in a house on Tamarindo street, was seen carrying in her hands, that is, on her person, and throwing in the lot next to said house the policy tickets produced as evidence. This evidence is, in our judgment, sufficient to justify a conviction.

The judgment appealed from must be affirmed.